Jozef Molak et ux.
vs.
General Fabrics Corporation

Eq. No. 9856.

April 25, 1930.

WALSH. J. Heard on motion of complainants to overrule the amended pleas of respondent.

Since the filing of the former rescript, it has been brought to our attention that the streets abandoned by the Board of Aldermen of the City of Central Falls, and described in the present bill, were not public highways, had never been declared to be public highways by the Board of Aldermen, hence were not "accepted" streets. (Petitioners' Exhibit A). The abandoned streets appear as unnamed streets on Assessors' Plat No. I of the city of Central Falls and are designated by names on Plat Card 106 in said city under the title "The Joseph E. Fales Plat of the Bowery land, Central Falls, June, 1910."

The first amended plea sets up a quasi-easement to maintain the water main in Fales avenue. As the plea now

reads, we may concede that it shows that the water main was laid and maintained by the authority of the Board of Aldermen. So long as the city retained control of Fales avenue in this respect, it is clear that the abutters had no right to object (*Gill* vs. *Town Council of Jamestown*, 47 R. I. 425); but when the Aldermen abandoned this platted street in 1925, there were certain special rights as abutters that complainants regained in the land, particularly the right to use and occupy the abandoned premises for their own purposes, unless the interests of other parties therein are clearly shown. Quasi-easements arise out of circumstances from which the Court may find an indication of the probable intention of the parties. In such cases, the relation of dominant and servient tenements must be set forth, as, also, the claim that the easement arose by implication upon the severance of such tenements. As the plea does not set forth the existence of such a situation, it must be overruled.

The second plea sets up a claim of equitable estoppel. These streets were abandoned on the petition of complainants and respondent. Both knew or should have known of the existence of the water main in the highway about to be abandoned; both complainants and respondent failed to bring the existence of this water main to the attention of the Board of Aldermen at any time before abandonment. There is no statement in the plea that there was any misrepresentation made by complainants to respondent in reference to this water main at any time.

There is no claim in the plea of false representation or concealment of material facts. There is no statement that any act, representation or silence on part of complainants, wilfully intended to lead the respondent to act upon them or any of them, had taken place. The gist of equitable estoppel, as we understand it, is, first: there must exist a false representation or concealment of material facts; second: complainants must act with the knowledge, actual or constructive, of such facts; third: the respondent must have no knowledge or means of knowledge of such facts; fourth: that the complainants must have acted or failed to act with the intention that respondent should be misled, and, fifth: that the respondent was actually misled thereby, acted upon such false facts, and was prejudiced.

*Corpus Juris*, Vol. 21, p. 1119, sec. 122;

*Corpus Juris*, Vol. 21, p. 1120, sec. 124;

*Corpus Juris*, Vol. 21, p. 1129, sec. 131.

Where the truth is known to both parties or where both have equal means of knowledge, in the absence of an express contract, there can be no equitable estoppel.

*Corpus Juris*, Vol. 21, sec. 132;

*Pomeroy's Eq. Jur.* 3rd ed. Vol. 2, sec. 810.

The second plea does not set forth facts sufficient to bring it within the principles of the doctrine of equitable estoppel as above set forth and the motion to overrule must be granted.

For complainants: Lellan J. Tuck.

For respondent: Roscoe M. Dexter.